**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Deon Lorenzo LYONS, Defendant–Appellant.**

**No. 09–10436.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2010.*

Filed Dec. 13, 2010.

Eric Johnson, Esquire, Assistant U.S., Peter Stuart Levitt, Esquire, Assistant U.S., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Deon Lorenzo Lyons, Ayers, MA, pro se.

Before: GOODWIN, RYMER, and GRABER, Circuit Judges.

**MEMORANDUM \*\***

Deon Lorenzo Lyons appeals pro se from the district court's order denying his 18 U.S.C. § 3582(c)(2) motion to reduce sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lyons contends that the district court erred by failing to reduce his sentence pursuant to Amendment 706 to the United States Sentencing Guidelines, which lowered the sentencing range for offenses involving crack cocaine. However, Amend-

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ment 706 did not lower the base offense level for crack offenses that equal or exceed 4.5 kilograms.[1]  *See*  U.S.S.G. § 2D1.1(c)(1) (2008).  Thus, Lyons' sentence is not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, as required by Section 3582(c)(2). *See United States v. Leniear,* 574 F.3d 668, 673 (9th Cir.2009).

**AFFIRMED.**

---

1.  On direct appeal, we affirmed Lyons' sentence based on 8.5 kilograms of crack cocaine. *See United States v. Lyons,* 165 F.3d 36 (9th Cir.1998).

